UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

RUBICON GLOBAL VENTURES, INC.,
an Oregon corporation; and Z MOTORS,
INC., an Oregon corporation,

        Plaintiffs,

        v.

CHONGQING ZONGSHEN GROUP
IMPORT/EXPORT CORP., a foreign
corporation; CHONGQING ZONGSHEN
GROUP, a foreign corporation;
ZONGSHEN INDUSTRIAL GROUP, a
foreign corporation; ZONGSHEN
INDUSTRIAL GROUP, CO. LTD, a
foreign corporation also known as
Zongshen Industrial Group; ZONGSHEN
USA HOLDINGS, INC.; ZUO
ZONGSHEN; DEXIU YUAN; and
YING ZUO,

        Defendants.
_____

Civil No. 05-1809-HA
[Related Civil No. 09-818-HA]
[Related Civil No. 09-1397-HA]

ORDER

HAGGERTY, District Judge:

        This court granted in part defendants' motions to set aside defaults and default judgments

and required the parties to brief issues unresolved by the court in adjudicating those motions.

Thereafter, defendants filed a Motion to Dismiss [302] based on the reasons set forth in this

1  - ORDER

court's Order [301].  Oral argument was deemed unnecessary for resolving the issues presented.

## DISCUSSION

The court and the parties are familiar with the history of this litigation and the facts will only be addressed as required by this court's analysis.

Defendants move to dismiss all defendants from civil case numbers 05-1809-HA and 09-1397-HA, and defendant Ying Zuo from case number 09-818-HA.  Defendants contend that this court's determination that those defendants were not served properly (or in the case of Ying Zuo, not subject to this court's personal jurisdiction) should result in their dismissal.

### 1.    Dismissal for Failure to Issue Proper Service of Process

Defendants contend that failure to serve them in compliance with the Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil Commercial Matters, Nov. 15, 1965 (Hague Service Convention), [1969] 20 U.S.T. 361, T.I.A.S. No. 6638, in case numbers 05-1809-HA and 09-1397-HA should result in the dismissal of those cases.  Under Federal Rule of Civil Procedure 4(m), a district court may dismiss a case in which a defendant has not been served within 120 days after the complaint is filed.  However, the rule specifically excludes the time limit to service on a foreign defendant.  The Ninth Circuit has held that the Federal Rules of Civil Procedure are "so clear that it allows no latitude for interpretation." *Lucas v. Natoli*, 936 F.2d 432, 433 (9th Cir. 1991).  In the Ninth Circuit "there is apparently no time limit for service" on a foreign defendant.  *O'Rourke Bros. Inc., v. Nesbitt Burns, Inc.*, 201 F.3d 948, 952 (7th Cir. 2000) (suggesting that a court can dismiss for failure to prosecute under Fed. R. Civ. P. 41(b) when a plaintiff fails to serve a foreign defendant within a reasonable time even if Rule 4(m) does not expressly provide a time limit); *see also Montalbano v. Easco Hand Tools, Inc.*, 766

F.2d 737, 740 (2nd Cir. 1985) (holding that the time limit applies where plaintiff has not even attempted to serve process in a foreign country).

In case number 05-1809-HA, plaintiffs filed the Complaint nearly five years ago and have not yet attempted service on defendants in China.  This failure is particularly baffling in light of the fact that defendants expressly suggested service could only be made pursuant to the Hague Service Convention over one year ago.  Regardless of whether the 120-day time limit applies here, the court is not without power to control its docket.  "[T]he failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure."  *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976).  No reasonable cause for plaintiffs' failure to attempt foreign service in case number 05-1809 has been shown.  Therefore, the court is dismissing that case.

In case number 09-1397-HA, the failure to timely serve has not been as egregious. However, plaintiffs are ordered to initiate service on the foreign defendant within thirty days of this Order.  The failure to initiate proper service will result in the dismissal of case number 03-1397-HA for failure to prosecute.

###    2.    Defendant Ying Zuo

Defendants contend that defendant Ying Zuo should be dismissed from case number 09-818-HA because this court lacks personal jurisdiction over her.  Plaintiffs respond that this court can exercise jurisdiction over her through the Racketeer Influenced and Corrupt Organizations (RICO) Act.  There have been no allegations of any conduct by Ying Zuo that would subject her to this court's jurisdiction or subject her to any liability in these cases, through RICO or otherwise.  Ying Zuo is hereby dismissed from case number 09-818.

### 3.    Service on Defendants in Case Number 09-818-HA

In case number 09-818-HA defendant Dexiu Yuan was personally served at her daughter Ying Zuo's Florida residence.  Defendants Ying Zuo and Zongshen Zuo were served at the Florida address by substitute service on Dexiu Yuan.  Service was attempted on defendants Chongqing Zongshen Group Import/Export Corp.; Chongqing Zongshen Group; and ZS Group, by serving Zongshen, Inc., in Florida.  Defendant Zongshen USA Holdings, Inc., was served via Dexiu Yuan as the corporation's registered agent.  At the time service was effected, defendant Dexiu Yuan was an officer of ZS Group and defendant Ying Zuo was an officer of Chongqing Zongshen Group Import/Export Corp. and ZS Group.  As officers of the corporations, defendants Dexiu Yuan and Ying Zuo could receive valid service for the corporate defendants.  However, the returns of service for Dexiu Yuan and Ying Zuo did not indicate that they were intended as service on the corporate defendants.  The court requested supplemental briefing regarding whether Zongshen Zuo and the corporate defendants had received effective service of process under Oregon law through service on Ying Zuo and Dexiu Yuan.

### a.    Defendant Zongshen USA Holdings, Inc.

Defendant Zongshen USA Holdings, Inc., was properly served.  However, this court does not have personal jurisdiction over the defendant.  Aside from the fact that it shares corporate officers with the other corporate defendants, it does not appear Zongshen USA Holdings, Inc., has any relationship to this case.  Zongshen USA Holdings, Inc., is hereby dismissed from case number 09-818.

////

////

### b.    Defendants Chongqing Zongshen Group Import/Export Corp. and ZS

4  - ORDER

Group

Under Oregon Rule of Civil Procedure (ORCP) 7D(1):

> Summons shall be served, either within or without this state, in any manner
> reasonably calculated, under all the circumstances, to apprise the defendant of the
> existence and pendency of the action and to afford a reasonable opportunity to
> appear and defend.

Rule 7D(2) sets forth methods of adequate service, and Rule 7D(3) sets forth methods for
particular defendants.  If the method of service was made under one of the methods enumerated
in Rule 7D(2) specifically permitted for use upon a particular defendant under Rule 7D(3) then
the service is presumed to satisfy the "reasonable notice" standard.  *Baker v. Foy*, 797 P.2d 349,
354 (Or. 1990).  If the service was not made under one of the enumerated methods, the court
must determine whether it was nonetheless reasonably calculated to give the defendant notice of
the action.  *Id*. at 354-55.  Under ORCP 7D(3)(b), service may be made on corporate defendants
by "personal service or office service on a registered agent, officer, or director of the
corporation."  Rule 7G permits a court to "disregard any error in the content of the summons that
does not materially prejudice the substantive right of the [defendant]," and "[i]f service was
made in any manner complying with subsection D(1) of this rule, the court shall also disregard
any error in the service of the summons that does not violate the due process rights of the
[defendant]."  Service that is technically deficient can nevertheless be adequate if it satisfies the
reasonable notice requirements of ORCP 7D(1).  *Murphy v. Price*, 886 P.2d 1047, 1050 (Or.
App. 1994).  However, there must be adequate service of the summons before the court can
disregard errors contained in the summons and a defendant's actual notice of the action is
insufficient to trigger Rule 7G.  *Id*.  The Due Process Clause of the United States Constitution
requires "notice reasonably calculated, under all circumstances, to apprise interested parties of

5  - ORDER

the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (citations omitted).

As corporate officers of Chongqing Zongshen Group Import/Export Corp. and ZS Group, Ying Zuo and Dexiu Yuan were capable of receiving valid service for the corporations. The question presented is whether the individual service on Dexiu Yuan and Ying Zuo constituted valid service on the corporations even though the summons did not specifically state that they were being served as representatives of the corporations.

The summons served on Dexiu Yuan and Ying Zuo were defective in-so-far as they did not specify that the individuals were being served both as individuals and on behalf of the corporations. As such, they are not presumptively valid. *Baker v. Foy*, 797 P.2d at 354. The question is whether Chongqing Zongshen Group Import/Export Corp. and ZS Group nevertheless received "reasonable notice." *Id*. This court concludes that they did not.

When determining whether notice is adequate under ORCP 7D(1), "the reasonableness of the chosen method of service must be examined prospectively, based on what was known by the plaintiff at the time of service." *Beckett v. Martinez*, 850 P.2d 1148, 1150 n.3 (Or. App. 1993). Here, plaintiffs failed to indicate that they were attempting to serve the corporate defendants, and evidence of record indicates that they were not in fact attempting such service. Rather, plaintiffs mistakenly believed substitute service on Zongshen, Inc., was valid and that they did not need to serve the corporations through the corporate officers. There is also no indication that plaintiffs understood at the time of service that the individuals were corporate officers of Chongqing Zongshen Group Import/Export Corp. and ZS Group. Additionally, this court cannot ignore the fact that both Oregon and Federal law draw a distinction between individuals and corporations, and that the ORCP distinguish between service of a person in her individual and corporate

6   - ORDER

capacities.  This court concludes that Chongqing Zongshen Group Import/Export Corp. and ZS Group did not receive adequate notice of the suit and vacates the default and default judgments against those corporations in case number 09-818-HA.  *See Gottlieb v. Sandia Am. Corp.*, 452 F.2d 510, 514 (3rd Cir. 1971) ("To prove valid service, it was incumbent upon plaintiffs to show that [the individual defendant] was a managing or general agent for the corporation and that he was served in a representative rather than individual capacity").

### c.    Service on Defendant Zuo Zonghsen in Case Number 09-818-HA

Service was attempted on defendant Zuo Zonghsen via substitute service on his wife at his daughter's Florida residence.  The court requested briefing regarding whether the Florida residence was Zongshen Zuo's dwelling house or usual place of abode.  In 2009, Zongshen Zuo visited his daughter's residence twice, and lived in China during the remainder of the year.  The Florida residence was not his usual dwelling place or abode and he was not subject to substitute service at that address.  *Thoenes v. Tatro*, 529 P.2d 912, 919 (Or. 1974) (defining 'usual place of abode' to mean the "center of one's domestic activity'").  It is clear that Zongshen Zuo was not served pursuant to ORCP 7D(2)(b), as the Florida residence was not his usual place of residence or abode.  However, the question remains whether the service was nevertheless "reasonable notice."  The court concludes that it was not.

In *Duber v. Zeitler*, the Oregon Court of Appeals held that service was reasonable where the service was executed at the defendant's wife's residence even though the defendant had separated from her.  848 P.2d 642, 643-44 (Or. App. 1993).  The court found the service reasonable because at the time of service, defendant did not have a permanent address, he maintained regular frequent and predictable contacts at his wife's residence, and the process server knew the defendant would be visiting his wife's home in the very near future.  *Id*.  Here,

7   - ORDER

Zongshen Zuo did have a permanent residence in China, his wife was served in Florida, and there is no evidence that the process server knew that Zongshen Zuo would be visiting Florida or seeing his wife in the near future. *See also Baker v. Foy,* 797 P.2d at 351 (service not adequate when delivered to defendant's mother at her home – where defendant did not live – even though defendant received mail at his mother's address and told police officers that he lived with his mother). Accordingly, the court vacates the default and default judgment against defendant Zongshen Zuo.

4.   **Plaintiffs' Second Motion for Alternative Service Pursuant to Federal Rule of Civil Procedure 4(f)(3)**

Under Federal Rule of Civil Procedure 4(f)(3), the court may allow alternative service "by other means not prohibited by international agreement, as the court orders." Plaintiffs request that they be permitted to serve defendants in case number 09-818-HA by service on defendants' United States counsel Baolin Chen. The court grants that motion, and further orders that plaintiffs may also serve defendants in case number 09-1397-HA through alternative service on Mr. Chen. Plaintiffs must initiate alternative service on Mr. Chen within thirty days of this Order. Before initiating service, plaintiffs are ordered to review, and if necessary amend, both complaints to ensure that all defendants are named properly. Leave to join defendants or alter the substance of the complaints must be sought by formal motion.

8  - ORDER

### 5.      Default Against Dexiu Yuan

Defendants filed a Motion for Leave to File Supplemental Briefing [322] in light of the Ninth Circuit's recent decision in *United States v. Signed Personal Check No. 730 of Yurban S. Mesle*, No. 09-55353, 2010 WL 3025014 (9th Cir. Aug. 4, 2010).  This court has reviewed that decision and declines supplemental briefing.  The default judgments are vacated with respect to every defendant in all three cases.  The court has determined that the sole defendant who was properly defaulted was Dexiu Yuan (in case number 09-818-HA) and the court vacated the default judgment against her because it was excessive.  In the Ninth Circuit's recent decision, the court set forth the relevant factors to determine whether there is good cause to set aside a judgment by default.  The three factors are "(1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *Id.* at *3.  This court has considered each of those factors independently and will not set aside the default against Dexiu Yuan.  This ruling is based in part upon the court's view that reopening the default would prejudice plaintiffs, and that Dexiu Yuan, and defendants generally, engaged in evasive and culpable conduct.  The court's review of Dexiu Yuan's potential defenses does not warrant setting aside the default.  Accordingly, default, but not default judgment is appropriate against her.

## **CONCLUSION**

For the foregoing reasons, defendants' Motion to Dismiss [302] is GRANTED IN PART and DENIED IN PART.  Those aspects of defendants' Motion to Set Aside the Default Judgment [30] not previously ruled on in case number 09-818-HA are GRANTED, and plaintiffs' Second Motion for Order Allowing Alternative Service [120] is GRANTED.  Defendants' Motion for

Leave to File Supplemental Briefing [322] is DENIED.  Case number 05-1809-HA is dismissed.

Case number 09-818-HA is hereby designated as the lead case.  Defendants Ying Zuo and

Zongshen USA Holdings, Inc., are dismissed without prejudice from case number 09-818-HA.

The order of default in case number 09-818-HA is set aside with respect to all defendants except

Dexiu Yuan.  Plaintiffs are ordered to serve defendants in case numbers 09-818-HA and 09-

1397-HA through alternative service on defendants' counsel within thirty days.

     IT IS SO ORDERED.

     DATED this  25  day of August, 2010.

                       /s/ Ancer L. Haggerty
                          Ancer L. Haggerty
                     United States District Judge

10 - ORDER