UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

RUBICON GLOBAL VENTURES, INC.,
an Oregon corporation; and Z MOTORS,
INC., an Oregon corporation,

        Plaintiffs,

    v.

CHONGQING ZONGSHEN GROUP
IMPORT/EXPORT CORP., a foreign
corporation; CHONGQING ZONGSHEN
GROUP, a foreign corporation;
CHONGQING ZONGSHEN POWER
MACHINERY CO. LTD, a foreign
corporation; ZONGSHEN INDUSTRIAL
GROUP, a foreign corporation; ZONGSHEN
INDUSTRIAL GROUP, CO. LTD, a
foreign corporation also known as
Zongshen Industrial Group; ZONGSHEN
USA HOLDINGS, INC.; ZUO
ZONGSHEN; DEXIU YUAN; and
YING ZUO,

        Defendants.

Civil No.: 3: 09-cv-00818-HA (Lead case)
Civil No.: 3:09-cv-01397-HA
Civil No.: 3:10-cv-00833-HA
Civil No.: 3: 05-cv-01809-HA

OPINION AND ORDER

_____

HAGGERTY, District Judge:


1  - OPINION AND ORDER

After this court set aside three default judgments against defendants and dismissed all of plaintiffs' remaining claims, plaintiffs filed an appeal contesting those orders. The Ninth Circuit issued a Memorandum on August 30, 2012, and a Mandate on April 18, 2013, directing this court to enforce the Ninth Circuit's Memorandum. Plaintiffs currently move this court for an order vacating its orders of June 7, 2010 and August 25, 2010, insofar as those orders set aside the default judgments previously entered and dismissed Ying Zuo for lack of personal jurisdiction. Plaintiffs also request that the court reinstate the default judgments. Oral argument is unnecessary for the resolution of this motion. For the following reasons, plaintiffs' Motion to Vacate [193 in 09-cv-00818-HA; 150 in 09-cv-01397-HA; 73 in 10-cv-00833-HA; 331 in 05-cv-01809-HA] is granted.

**BACKGROUND**

This case has a tortured procedural history. Plaintiffs filed their first Complaint in 2005 against Zongshen, Inc. and Zongshen of China alleging claims for breach of contract and fraud (case number 05-cv-1809-HA, *Rubicon I*). This court granted summary judgment for defendants, dismissing without prejudice and ordering plaintiffs to amend their Complaint to name the proper parties.

Plaintiffs then filed a First Amended Complaint in 2008 naming four corporations: Zongshen, Inc., Chongqing Zongshen Group Import/Export Corp. (ZSIE), Chongqing Zongshen Group (ZS Group), and Zongshen Industrial Group (ZIG). Defendant Zongshen, Inc. settled with plaintiffs and was dismissed from the action. Plaintiffs attempted service on the remaining defendants in Florida. When defendants failed to appear, the court entered default judgments against them.

2 - OPINION AND ORDER

Plaintiffs filed a new case on July 15, 2009 (case number 09-cv-00818-HA, *Rubicon II*), alleging the same fraud claims as *Rubicon I*, as well as claims under the Oregon and federal Racketeer Influenced and Corrupt Organizations (RICO) acts.[1]  In *Rubicon II*, plaintiffs named four corporations—ZSIE, ZS Group, ZIG, and Zongshen USA Holdings, Inc.—and three individuals as officers of the corporations, Zuo Zongshen, Dexiu Yuan, and Ying Zuo.  On September 23, 2009, the court entered an Order granting Default Judgment and entered Judgment the same day.

While attempting to collect the default judgments in *Rubicon II*, plaintiffs filed another case (case number 09-cv-01397-HA, *Rubicon III*) that was identical to *Rubicon II*, but added Zongshen Industrial Group, Co. Ltd as a defendant.  Plaintiffs allegedly discovered that ZIG used this entity's name in Canada, and elected to file a new case to collect against that defendant.[2]  The court entered Default Judgment in plaintiffs' favor on January 11, 2010.

In early 2010, the court had entered defaults against all remaining defendants in *Rubicon I*, *Rubicon II*, and *Rubicon III*, as well as default judgments totaling more than $185,000,000.00.

In April 2010, defendants moved to set aside the defaults and to vacate the default judgments.  In an Order dated June 7, 2010, this court vacated the default judgments in *Rubicon I* and *Rubicon III* due to improper service.  In *Rubicon II*, this court vacated the default order with respect to all defendants except Dexia Yuan, and the parties were ordered to brief whether

---

[1] Plaintiffs filed an Amended Complaint in *Rubicon II* after failing to sign the original Complaint.

[2] In several actions, entities that will be identified as ZIGCL were named as separate parties. As this court noted in its November 19, 2010 Order, Zongshen Industrial Group, Co. Ltd. (ZIGCL) is the official name for the corporate entity that plaintiffs named as ZS Group and ZIG.  Therefore, that entity will be referred to herein as ZIGCL.

3 - OPINION AND ORDER

defendants Zou Zongshen, Zongshen USA Holdings, Inc., and ZIGCL were properly served. The court also found that it lacked personal jurisdiction over defendant Ying Zuo. Pursuant to the court's order, defendants moved to dismiss all defendants from *Rubicon I, Rubicon II,* and *Rubicon III.*

While awaiting a decision on defendants' motion to dismiss, plaintiffs filed another case (case number 10-cv-00833-HA, *Rubicon IV*). Plaintiffs amended their Complaint in *Rubicon IV* twice, and also named a new party, Chongqing Zongshen Power Machinery Co. Ltd.

On August 25, 2010, this court dismissed *Rubicon I* due to plaintiffs' failure to attempt service on defendants within five years. In *Rubicon II,* this court dismissed defendants Ying Zuo and Zongshen USA Holdings, Inc., due to lack of personal jurisdiction. This court also vacated an excessive default judgment against defendant Dexiu Yuan in *Rubicon II*, but left the default in place.

After reviewing supplemental briefing from the parties, this court found that the remaining defendants in *Rubicon II* were not adequately served and vacated the remaining defaults and default judgments. Plaintiffs were ordered to serve all defendants in *Rubicon II* and *Rubicon III* through alternative service on defendants' attorney. Plaintiffs were also granted leave to amend their complaints in *Rubicon II* and *Rubicon III* to ensure that all defendants were properly named. Plaintiffs were also ordered to seek leave by a formal motion if plaintiffs desired to join additional defendants or change the substance of their Complaints.

On September 10, 2010, plaintiffs filed a Second Amended Complaint in *Rubicon II* and *Rubicon III* naming all defendants. On September 13, 2010, plaintiffs properly served their Complaints in *Rubicon II, Rubicon III,* and *Rubicon IV* on defendants' counsel, who accepted

service on behalf of all defendants. Defendants filed a Motion to Dismiss the Second Amended

Complaint, and on November 19, 2010, the court entered an Order and Judgment dismissing with

prejudice *Rubicon II, Rubicon III*, and *Rubicon IV*. The court dismissed the federal RICO claims

and the common law fraud claims because the statute of limitations had expired, and the court

dismissed the Oregon RICO claims for failure to state a claim.

On December 17, 2010, plaintiffs filed a Notice of Appeal. Plaintiffs presented five

issues to review on appeal:

1. Did the District Court err in setting aside the default judgments in *Rubicon I, II* and *III*?

2. Did the District Court err in dismissing *Rubicon I* on the grounds that plaintiffs had failed to prosecute their claims diligently by failing "to attempt foreign service" under the Hague Convention?

3. Did the District Court err in setting aside the default and dismissing Ying Zou and Zongshen USA Holdings, Inc. from *Rubicon II*, and in dismissing Zongshen Holdings from *Rubicon IV*, on the grounds that the court lacked jurisdiction over these defendants?

4. Did the District Court err in dismissing the common law fraud and RICO claims in *Rubicon II, III,* and *IV* on the grounds that they were barred by the applicable statute of limitation?

5. Did the District Court err in ruling that plaintiffs had failed to state a claim in *Rubicon II, III,* and *IV* under the Oregon RICO statute (ORS 166.715-166.735)?

In a consolidated memorandum ruling dated August 30, 2012, the Ninth Circuit affirmed,

in part, and reversed, in part, and remanded. In so doing, the Ninth Circuit addressed only two

issues: (1) the sufficiency of service on ZIGCL, ZSIE, and Zuo Zongshen and (2) personal

jurisdiction over Ying Zuo and Zongshen USA Holdings, Inc. On the first issue, the court held

that service was sufficient on all defendants except Zongshen Zou. On the second issue, the

court held that Ying Zou was subject to personal jurisdiction, and Zongshen USA Holdings, Inc. was not subject to personal jurisdiction. The Ninth Circuit provided no additional instructions to this court.

The Ninth Circuit stayed the mandate of its ruling pending a petition of certiorari to the Supreme Court of the United States. On April 13, 2013, following the denial of certiorari, the Ninth Circuit issued its mandate on its August 30, 2012 ruling.

On May 3, 2013, plaintiff filed the current motion, requesting that this court vacate the orders of June 7, 2010 and August 25, 2010, insofar as those orders set aside the default judgment previously entered and dismissed Ying Zuo for lack of personal jurisdiction. Plaintiffs motion also requests an order reinstating the judgments against defendants ZSIE, ZIGCL, Dexiu Yuan, and Ying Zou.

**DISCUSSION**

This court's reading of the Ninth Circuit's Memorandum requires this court to take several actions. First, the Ninth Circuit held that service of process was perfected on all defendants except Zongshen Zuo. Accordingly, this court's June 7, 2010 ruling, in which it set aside the defaults and default judgments against all defendants in *Rubicon I* and *Rubicon III* for improper service, was made in error. Therefore, the default judgments in *Rubicon I* and *Rubicon III* are reinstated in full, pursuant to the Ninth Circuit Memorandum. The Ninth Circuit's holding as to service also indicates that this court's August 25, 2010 ruling, in which it set aside the default and default judgments against ZIGCL and ZSIE in *Rubicon II* for improper service and dismissed *Rubicon I* for "failure to issue proper service of process" was made in error. Therefore, the default judgment in *Rubicon II* is reinstated against ZIGCL and ZSIE and *Rubicon I* is not

6 - OPINION AND ORDER

dismissed, pursuant to the Ninth Circuit's Memorandum.

Second, the Ninth Circuit addressed personal jurisdiction, holding that this court erred only as to Ying Zuo. Accordingly, this court reinstates the default judgment against Ying Zuo in *Rubicon II.* The Ninth's Circuit holding on personal jurisdiction indicates that this court properly dismissed Zongshen USA Holdings, Inc. from *Rubicon II* for lack of personal jurisdiction. The holding also indicates that this court was correct in finding that Dexiu Yuan, ZIGCL, and ZSIE were subject to personal jurisdiction in Oregon.

In sum, the Ninth Circuit's Memorandum requires that (1) the Default Judgment [224] in *Rubicon I* is reinstated in full[3]; (2) the Default Judgment [22] in *Rubicon II* is reinstated against all defendants except Zou Zongshen and Zongshen USA Holdings, Inc.[4]; and (3) the Default Judgment in *Rubicon III* is reinstated in full.[5] The Ninth Circuit's Memorandum did not address the grounds for dismissal in *Rubicon IV*; therefore, it remains dismissed.

Defendants disagree with this interpretation of the Ninth Circuit's Memorandum. They submit several reasons why the default judgments should not be reinstated at all. The court

---

[3] The Default Judgment in *Rubicon I* was against ZSIE and ZIGCL. The Ninth Circuit found that ZSIE and ZIGCL were properly served, and this court, in its Order dated November 19, 2010, held that they were subject to personal jurisdiction in Oregon - a decision that was not overturned by the Ninth Circuit's Memorandum.

[4] The other defendants in *Rubicon II* are ZSIE, ZIGCL, Dexiu Yuan, and Ying Zuo. As to these defendants, the Ninth Circuit held that service was proper, and, in its Order dated November 19, 2010, this court held that they were subject to personal jurisdiction in Oregon - a decision that was not overturned by the Ninth Circuit's Memorandum.

[5] The Default Judgment in *Rubicon III* is against ZIGCL. The Ninth Circuit held that service was proper against ZIGCL, and, in its Order dated November 19, 2010, this court held that it was subject to personal jurisdiction in Oregon - a decision that was not overturned by the Ninth Circuit's Memorandum.

addresses each argument in turn:

1.    **Claim Preclusion**

Defendants argue that the final judgment in *Rubicon IV* operates as claim preclusion as to *Rubicon I, II, III*, and *V*. Specifically, defendants argue that this court's Order of November 19, 2010, which dismissed *Rubicon II, Rubicon III*, and *Rubicon IV* for the expiration of the statute of limitations and failure to state a claim, was the first final judgment on the merits; therefore, it serves as a basis for *res judicata* as to all claims that were raised in any of the five *Rubicon* cases.

However, defendants' argument suffers a logical flaw - the default judgments should never have been set aside and they pre-date the dismissal. Under the doctrine of claim preclusion, a final judgment forecloses "*successive* litigation of the very same claim." *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)(emphasis added). Here, plaintiffs are not engaging in successive litigation. Rather, plaintiffs are merely requesting the correction of a previous error. This logical flaw is most clearly exemplified by the following example: if a claim is dismissed on the merits for expiration of the statute of limitations, it is not necessarily conclusive that a claim filed previously is also untimely. For these reasons, this court must first remedy the ruling that was made in error.

By holding that service was sufficient on all defendants other than Zongshen Zuo and that all defendants except Zongshen USA Holdings, Inc. were subject to personal jurisdiction, the Ninth Circuit indicated that this court improperly set aside the original default judgments on the basis of improper service and lack of personal jurisdiction. If this court had ruled appropriately and denied defendants' Motion to Set Aside the default judgments for all defendants except Zongshen Zuo and Zongshen USA Holdings, Inc., as the Ninth Circuit's Memorandum requires,

8 - OPINION AND ORDER

this court would have never reached the issues that lead to dismissal in the Order of November 19, 2010. The dismissal of plaintiffs' claims occurred long after this court incorrectly set aside the final judgments. Therefore, this court is reinstating judgments that predate the dismissal, and *res judicata* is inapplicable. Defendants should not be allowed to benefit from their failure to appear after they were properly served.

## 2.    The Effect of Amended Pleadings

Defendants argue that, because plaintiffs filed amended pleadings in *Rubicon II* and *Rubicon III* after the default judgments, the default judgments are void. In support, defendants direct this court to multiple cases supporting the proposition that the amendment of a pleading nullifies the original pleading and any default on that pleading. Once again, defendants' argument suffers a logical flaw and the cited cases can be easily distinguished. In no case that defendants cite was the plaintiff forced to amend its complaint in response to a ruling that was made in error. In this case, plaintiffs amended their complaints in *Rubicon II* and *Rubicon III* only to perfect service in response to this court's ruling that service was not proper. According to the Ninth Circuit's memorandum, that ruling was made in error. If this court had appropriately ruled that service had been perfected on all defendants except Zongshen Zuo, plaintiffs would have had no reason to amend their complaint. Now, plaintiffs should not be punished for reacting to a ruling that was later deemed improper.

## 3.    Issues Not Addressed by the Ninth Circuit

Next, defendants argue that the issues that were not addressed in the Ninth Circuit Memorandum remain the "law of the case" and preclude the reentry of default judgment in *Rubicon I, Rubicon II,* and *Rubicon III.* First, defendants explain that the Ninth Circuit did not

address this court's ruling of November 19, 2010. However, as explained above, that dismissal, which occurred after the default judgments were wrongly vacated, cannot prevent the error from being corrected. If the Ninth Circuit intended for that dismissal to stand, it would have been forced to address issues on the merits, which were raised by plaintiffs on appeal. Its decision not to address the merits was instructive.

Second, defendants highlight this court's finding of June 7, 2010, setting aside the default judgment against defendant Dexui Yuan in *Rubicon II* because it was excessive. Defendants assert that this ruling indicated that all of the default judgments were excessive and therefore, should not be reinstated. This court disagrees. This court did not explain why the judgment against Dexui Yuan was excessive at the time, but the decision was made in the context of a ruling that eliminated every other defendant. While the large judgment, meant to remedy the actions of corporations, were excessive when beared by one individual, the same judgment is not excessive when beared jointly and severally with all defendants.

Defendants argue that the judgments should not be reinstated because they are disproportionate to the wrong that plaintiffs suffered. In so arguing, defendants assert that plaintiffs suffered only a $500,000 loss. To the contrary, in *Rubicon I*, plaintiffs claimed that they lost $486,796.00 in invested funds and $45,485,576.00 in projected future profits, and requested punitive damages to prevent defendants from committing fraud in the future. In this court's August 12, 2009 judgment, plaintiffs received $47,158,971.10 - an amount not disproportionate to the losses alleged in the Declaration of Mohammed Rahman [221 in 05-1809-HA]. Defendants, having been properly served, had ample opportunity to, not only challenge the merits of plaintiffs' claims, but also the amount of this court's judgment. Defendants chose not to

seize that opportunity and it has now passed. Similarly, in *Rubicon II*, plaintiffs alleged the same

damages but also sought treble damages, as they were entitled to under 18 U.S.C. §§ 1964 *et seq.*

While treble damages would equate to total damages of $136,925,524.00, this court found that

that request was duplicative and reduced the Judgment by the amount awarded in the *Rubicon I*

Judgment. Once again, these damages were corroborated by declaration [14 in 09-818-HA] and

are not disproportionate to the losses alleged therein. Defendants chose to forego their

opportunity to challenge them. *Rubicon III* represents defendants' third opportunity to appear and

challenge the same damages claimed in *Rubicon I* and *Rubicon II*. This court will not allow

defendants to challenge the judgments now that they deliberately chose not to challenge when

they were given the opportunity. For the same reasons, defendants' request for a hearing to

determine damages is denied.

      Third, defendants argue that this court's August 25, 2010 dismissal of *Rubicon I* for

failure to prosecute is the "law of the case" because the Ninth Circuit did not address it. If this

court's dismissal of *Rubicon I* was unrelated to service of process, defendants' argument may

have merit. However, *Rubicon I* was dismissed for plaintiffs' failure to remedy the service that

this court incorrectly ruled improper. Therefore, continued attempts to serve defendants, the lack

of which served as the basis for dismissal, were unnecessary. Accordingly, *Rubicon I* is not

dismissed.

**4.    Manifest Injustice**

      Finally, defendants contend that reinstating the judgments in *Rubicon I*, *Rubicon II*, and

*Rubicon III*, after dismissal on the merits, would result in manifest injustice. Defendants rely on

the federal courts' strong preference for decisions on the merits. First, and most apparent,

11- OPINION AND ORDER

*Rubicon I* was not dismissed on the merits, but rather dismissed wrongly for failure to prosecute and perfect service on defendants. Therefore, defendants' argument with respect to *Rubicon I* is unfounded.

In regards to *Rubicon II* and *Rubicon III*, this court acknowledges that resolution of claims on the merits is favored. *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). This is precisely the reason that defendants should have litigated the matter when they were given the opportunity. Moreover, plaintiffs challenged this court's ruling on the merits, and the Ninth Circuit chose not to address those issues. This silence indicates to this court that those issues are irrelevant to the decision on remand. Dismissal, after plaintiffs' judgments were wrongly set aside, should not prevent this court from correcting its error. Furthermore, this court finds defendants' cries of injustice duplicitous after they deliberately dodged this litigation for years.

## CONCLUSION

For the foregoing reasons, plaintiffs' Motion to Vacate [193 in 09-cv-00818-HA; 150 in 09-cv-01397-HA; 73 in 10-cv-00833-HA; 331 in 05-cv-01809-HA] is granted. The Default Judgment in *Rubicon I* [224 in 05-cv-01809-HA] is reinstated in full. The Default Judgment in *Rubicon II* [23 in 09-cv-00818-HA] is reinstated against all defendants except Zongshen USA Holdings, Inc. and Zuo Zongshen.

///

///

///

///

///

12- OPINION AND ORDER

The Default Order and Judgment against Zuo Zongshen remains vacated for improper service.

Zongshen USA Holdings, Inc. is dismissed for lack of personal jurisdiction.  The Default

Judgment in *Rubicon III* [9 in 09-cv-01397-HA] is reinstated in full.

      IT IS SO ORDERED.

      DATED this 20 day of August, 2013.

                         Ancer L. Haggerty
                       United States District Judge

13- OPINION AND ORDER